**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 29 2018

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

TAWONA WARREN ANDERSON,
GUARDIAN OF THE PERSON AND
ESTATE OF RAYSHAWN WARREN                                      PLAINTIFF

V.                    CASE NO. ___3:18-cv-00231 DPm___

DOYNE DRISKILL, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
A POLICE OFFICER FOR THE CITY
OF BLYTHEVILLE, ARKANSAS;                    This case assigned to District Judge __MARSHALL__
ROSS A. THOMPSON, INDIVIDUALLY               and to Magistrate Judge _____KEARNEY_____
AND IN HIS OFFICIAL CAPACITY AS
CHIEF OF POLICE FOR THE CITY OF
BLYTHEVILLE, ARKANSAS; AND
THE CITY OF BLYTHEVILLE, ARKANSAS                              DEFENDANTS

## NOTICE OF REMOVAL

Come now Defendants, Doyne Driskill, individually and officially, Ross A. Thompson,

individually and officially, and the City of Blytheville, Arkansas, by and through their attorney,

Jenna Adams, and for their Notice of Removal, state as follows:

1.     Plaintiff filed a Complaint on October 30, 2018, in the Circuit Court of Mississippi

County, Chickasawba District, Arkansas, Case No. 47BCV-18-352.  Defendants named were

Doyne Driskill, individually and officially, Ross A. Thompson, individually and officially, and the

City of Blytheville, Arkansas.

2.     Defendants have sent for filing an Answer to the Complaint on November 26, 2018.

Defendants have simultaneously filed a Notice of Parties and State Court of Removal with the

Circuit Court of Mississippi County, Chickasawba District, Arkansas, pursuant to 28 U.S.C.

§1446(d).

3.      Plaintiff's 42 U.S.C. §§ 1983 and 1988, the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and common law torts of assault and battery.

4.      28 U.S.C. §1441(a) allows a defendant to remove civil actions from state to federal court when such actions are within the original jurisdiction of the federal court.  Original federal question jurisdiction is vested in the federal courts under 28 U.S.C. §1331 regarding cases "arising under" the Constitution and laws of the United States, regardless of the amount of controversy. This Court has both original and removal jurisdiction over United States Constitution causes of action.  Plaintiff's Complaint clearly states a claim that arises under the United States Constitution. Thus, original federal jurisdiction is vested pursuant to 28 U.S.C. §1331 and removal is proper under the federal removal statutes.

5.      Venue is proper in this Court.

6.      A true and correct copy of the pleadings served on Defendants are attached hereto as Exhibit "A" an incorporated herein by this reference, these constituting all process, pleadings and orders which have been served on Defendants. The Answer filed on behalf of Defendants is also attached hereto as Exhibit "B" for the convenience of the Court.

7.      Pursuant to 28 U.S.C. §1446, Defendants herby give notice of the removal of this action from the Circuit Court of Mississippi County, Chickasawba District, Arkansas, to the United States District Court for the Eastern District of Arkansas.

Wherefore, Defendants pray that this action be removed from the Circuit Court of Mississippi County, Chickasawba District, Arkansas, to the United States District Court for the Eastern District of Arkansas, in accordance with 28 U.S.C. §1331, §1441 and §1446, and for all other just and proper relief to which there is entitlement.

Respectfully submitted,

**DOYNE DRISKILL, individually and officially, ROSS A. THOMPSON, individually and officially, and CITY OF BLYTHEVILLE, ARKANSAS**

**DEFENDANTS**

By: _____
JENNA ADAMS, #2015082
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: 501-978-6115
FACSIMILE: 501-978-6558
EMAIL: jenadams@arml.org

## CERTIFICATE OF SERVICE

I, Jenna Adams, hereby certify that on November 26, 2018, that a true and correct copy of the above and foregoing has been served upon the attorney of record referenced below, *via U.S. Mail*:

James W. Harris
Zachary W. Morrison
Law Office of Harris & Morrison
118 West Walnut
P.O. Box 185
Blytheville, AR 72316

_____
JENNA ADAMS, #2015082

3

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
CHICKASAWBA DISTRICT
CIVIL DIVISION

PLAINTIFF:
TAWONA WARREN ANDERSON,
GUARDIAN OF THE PERSON AND
ESTATE OF RAYSHAWN WARREN

VS.                              CASE NO. 47BCV-18-352 ( RL )        SUMMONS

DEFENDANTS:
DOYNE DRISKILL, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
A POLICE OFFICER FOR THE CITY
OF BLYTHEVILLE, ARKANSAS;
ROSS A. THOMPSON, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
CHIEF OF POLICE FOR THE CITY OF
BLYTHEVILLE, ARKANSAS;  AND,
THE CITY OF BLYTHEVILLE, ARKANSAS

PLAINTIFFS ATTORNEY:        James W. Harris & Zachary W. Morrison
                            118 West Walnut, P.O. Box 185
                            Blytheville, Arkansas  72316-0185

THE STATE OF ARKANSAS TO DEFENDANTS:

DOYNE DRISKILL, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
A POLICE OFFICER FOR THE CITY
OF BLYTHEVILLE, ARKANSAS

ROSS A. THOMPSON, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
CHIEF OF POLICE FOR THE CITY OF
BLYTHEVILLE, ARKANSAS

JAMES SANDERS, MAYOR
THE CITY OF BLYTHEVILLE, ARKANSAS



# NOTICE

A lawsuit has been filed against you.  The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it), or 60 days if you incarcerated in any jail, penitentiary, or other correctional facility in Arkansas, you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff's attorney, whose name and address

are:   **Law Office of Harris & Morrison,  P.O. Box 185, Blytheville, Arkansas  72316-0185**

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:  NONE

WITNESS MY HAND AND SEAL OF THE COURT THIS THE _30th_ day of _October_, 2018.   3:30 P

Leslie Mason, Circuit Clerk

Address:  Mississippi County Circuit Court
          Leslie Mason, Circuit Clerk
          P.O. Box 1498
          Blytheville, AR  72316

By _Alicia Jackson_
CLERK/DEPUTY CLERK    O. C.

(SEAL)

This summons is for _____

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____ [place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he / she refused to receive it when I offered it to him / her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place or abode at
_____ [address] with _____ [name], a person at
least 14 years of age who resides there, on _____ [date]; or

☐ I delivered the summons and complaint to _____ [name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____ [name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the
summons and complaint on the defendant by certified mail, return receipt requested, restricted
delivery, as shown by the attached signed returned receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-
class mail to the defendant together with two copies of a notice and acknowledgment and
received the attached notice and acknowledgement form within twenty days after the date of
mailing.

☐ Other [specify]: _____

☐ I was unable to execute service
because:_____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff of deputy sheriff:**

Date: _____

By: _____
[Signature of server]

_____
[Printed name]

Address:        _____

                _____

Phone:          _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS **FILED**
CHICKASAWBA DISTRICT
CIVIL DIVISION

OCT 3 0 2018

LESLIE MASON
CIRCUIT CLERK

TAWONA WARREN ANDERSON,
GUARDIAN OF THE PERSON AND
ESTATE OF RAYSHAWN WARREN                                    PLAINTIFF

V.                          CASE NO. 47BCV-18-352 (RL)

DOYNE DRISKILL, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
A POLICE OFFICER FOR THE CITY
OF BLYTHEVILLE, ARKANSAS;
ROSS A. THOMPSON, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
CHIEF OF POLICE FOR THE CITY OF
BLYTHEVILLE, ARKANSAS;  AND,
THE CITY OF BLYTHEVILLE, ARKANSAS                            DEFENDANTS

## COMPLAINT

**COMES NOW** Tawona Warren Anderson, Guardian of the Person and Estate of

Rayshawn Warren, by and through her attorneys, James W. Harris and Zachary W.

Morrison, and for her complaint against Doyne Driskill, both in his individual capacity and

as a police officer for the City of Blytheville;  Ross A. Thompson, both in his individual

capacity and as Chief of Police for the City of Blytheville, Arkansas;  and,  the City of

Blytheville, Arkansas, states:

### JURISDICTION AND VENUE

1.      This is an action for damages sustained by a citizen of Blytheville,

Arkansas, against a police officer of the Blytheville Police Department, who unlawfully

assaulted him;   against the Chief of Police, as the supervisory officer responsible for the

1

conduct of his officer, and for his failure to take corrective action with respect to police personnel whose vicious propensities were notorious, to assure proper training and supervision of personnel, or to implement meaningful procedures to discourage lawless official conduct of his police officer; and, against the City of Blytheville, Arkansas, as the employer of the police personnel, which is sued as a person under 42 U.S.C. §1983.

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the first, fourth, fifth, eighth, and fourteenth amendments to the Constitution of the United States. Plaintiff also alleges causes of action under the common law of the State of Arkansas.

3.      Plaintiff Tawona Warren Anderson, Guardian of the Person and Estate of Rayshawn Warren is a resident of Arkansas, and at all times relevant to the allegations of this complaint was a resident of Blytheville, Mississippi County, Arkansas, and a citizen of the United States.

4.      At all times relevant hereto, defendant Doyne Driskill was a police officer employed by the Blytheville Police Department to perform duties in the City of Blytheville. At all relevant times, he was acting in such capacity as the agent, servant, and employee of the defendant City of Blytheville, Arkansas. He is sued individually and in his official capacity.

5.      At all times relevant hereto, defendant Ross A. Thompson was the duly appointed Chief of Police of the Blytheville Police Department. As such, he was the commanding officer of defendant Driskill, and was responsible for his training, supervision, and conduct. He was also responsible by law for enforcing the regulations of

2

the Blytheville Police Department, and for ensuring that Blytheville Police personnel obey the laws of the State of Arkansas, and of the United States.   At all relevant times, he was acting in such capacity as the agent, servant, and employee of the defendant City of Blytheville.   He is sued individually and in his official capacity.   Upon information and belief, Defendant Police Chief is a resident of Mississippi County.

6.    The City of Blytheville, Arkansas, is a municipal corporation charged with and responsible for appointing and promoting, through the Mayor of Blytheville, the members of the Blytheville Police Department, and for the supervision, training, instruction, discipline, control, and conduct of the Blytheville Police Department and its personnel. At all relevant times, Defendant Municipality had the power, right and duty to control the manner in which the individual Defendants carried out the objectives of their employment, and to see that all orders, rules, instructions, and regulations promulgated for the Blytheville Police Department were consistent with the Constitution and the laws of the municipality.

7.    The defendant City of Blytheville (hereinafter "City") is a municipal corporation within the State of Arkansas and, at all relevant times, employed defendants Driskill and Thompson.

8.    At all times relevant hereto, and in all their actions described herein, defendants Driskill and Thompson were acting under color of law and pursuant to their authority as police personnel.

3

9.     This court has jurisdiction over the parties hereto, and over the subject matter herein.   Venue lies in this court.

## FACTS

10.     On September 29, 2018, Rayshawn Warren was legally walking up to a house on the corner of Main and 7th Street in Blytheville, Arkansas, when Officer Driskill yelled at him to "come to me."

11.     Officer Driskill yelled a second time for Rayshawn Warren to "come to me."

12.     Rayshawn Warren responded no, and started running down Main Street.

13.     Officer Driskill caught up to Rayshawn Warren at Cobb Funeral Home, and used an "arm bar restraint" to restrain him.

14.     Rayshawn Warren was placed under arrest and transported to Great River Medical Center.

15.     Rayshawn Warren was subsequently transferred to St. Bernard's Hospital in Jonesboro, Arkansas, due to extensive medical injuries.

16.     According to the Police Report, Officer Krupin was giving chest compressions to Warren at the time Pafford Ambulance Service returned to the scene for a "second" time.

4

17. The force used to restrain Rayshawn Warren was extremely excessive, especially when taking into consideration the medical condition he is currently in.

18. Upon information and belief, at least three (3) officer body camera were in use at the time of this assault, however, copies of those recording were not produced to plaintiff's counsel under a Freedom of Information request.

19. Rayshawn Warren has been confined to a hospital bed since September 29, 2018, with a crushed trachea, and he is in a vegetative medical condition at St. Bernard's Hospital in Jonesboro, Arkansas, due to extensive medical injuries received by the acts of law enforcement personnel.

20. Rayshawn Warren medical expenses to date are estimated to be in excess of $250,000.00

21. Rayshawn Warren has been in the above described condition since the date of his arrest, and in all likelihood, his condition will not improve.

22. Upon information and belief, Defendant Driskill has used overly aggressive excessive force methods to effectuate arrests in the past, and his history is known to Defendant Thompson and to those responsible for governing the City of Blytheville.

23. That even though Defendant Thompson and those responsible for governing the City of Blytheville have at all times known about Defendant Driskill's overly aggressive excessive force methods to effectuate arrests in the past, neither the Defendant police chief nor the Defendant City took any reasonable steps to correct Defendant Driskill's actions and methods.

24.     On information and belief, the abuse to which Plaintiff was subjected was consistent with an institutionalized practice of the Blytheville Police Department, which was known to and ratified by defendants Thompson and City, the defendants having at no time taken any effective action to prevent Defendant Driskill as well as other police personnel from continuing to engage in such misconduct.   Such over-aggressive behavior by Defendant Driskill is likewise indicative of the common practice, and thus an institutionalized practice, of using excessive force against citizens in the Blytheville community.

25.     On information and belief, defendants Thompson and City had prior notice of the vicious propensities of defendant Driskill, but took no steps to train him, correct his abuse of authority, or to discourage his unlawful use of authority. The failure to properly train defendant Driskill includes the failure to instruct him in applicable provisions of the United States Constitution, the Arkansas Constitution,   Arkansas State Law, and with proper and prudent use of force.

## CAUSES OF ACTION

26.     The herein above described actions and omissions, engaged in under color of state authority by the defendants, including defendant City, sued as a person, responsible because of its authorization, condonation, and ratification thereof for the acts of its agents, deprived the plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, his first amendment right to freedom of expression, his fourth

6

amendment right to be free from unlawful seizure of his person and search of his vehicle without probable cause, his fifth and fourteenth amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police, and his eighth amendment right to be free from cruel and unusual punishment.

27.   Acting under color of law and the authority of Defendant City, Defendant Police Chief and Defendant Driskill and possibly other Officers, intentionally, negligently, and with complete and deliberate indifference for Plaintiff's rights caused Plaintiff to be deprived of his constitutional rights, including but not limited to those under the fourth, fifth, sixth and eighth amendments by:

> a. using a degree of force that was unreasonable under the circumstances, and in violation of Plaintiff's rights to be free of an unreasonable seizure under the fourth amendment;
>
> b. subjecting Plaintiff to punishment without the benefit of a trial by jury in violation of his rights under the sixth and eighth amendments;
>
> c. depriving Plaintiff of his liberty by subjecting him to unwarranted and unreasonable restraints on his person without due process in violation of his rights under the fifth and fourteenth amendments; and
>
> d. leaving Rayshawn Warren confined to a hospital bed since September 29, 2018, with a crushed trachea, and in a vegetative medical condition at St. Bernard's Hospital in Jonesboro, Arkansas, due to extensive medical injuries received by the acts of law enforcement personnel.

28.   Defendant Police Chief, under color of law, intentionally, negligently, and with complete and deliberate indifference to Plaintiff's rights, caused Plaintiff to be deprived of his constitutional rights including but not limited to the fourth, fifth, sixth, and eighth amendments, by:

7

a. failing to supervise properly the training and conduct of Defendant Police Officer(s);

b. failing to enforce the laws of Arkansas and the provisions of the Constitution of the United States concerning use of force by members of the police force while making an arrest;

c. issuance of vague, confusing, and contradictory policies concerning the use of force that are inconsistent with the requirements of the fourth, fifth, sixth, eighth and fourteenth amendments of the United States Constitution; and

29.    Defendant City, under color of law, intentionally, negligently, and with complete and deliberate indifference for Plaintiff's rights, authorized, permitted, and tolerated the custom and practice of the unconstitutional and excessive use of force by members of the Blytheville City Police Department and, in particular by Defendant Driskill and Chief Thompson, by failing to:

a. appoint, promote, train and supervise members of the Blytheville City Police Department who would enforce the laws in effect in Arkansas and who would protect the constitutional rights of the people of Arkansas;

b. require Defendant Police Chief to promulgate procedures and policies for the use of force   that were consistent with the fourth, fifth, sixth, eighth and fourteenth amendments of the Constitution; and

c. by permitting the policy and custom of using unreasonable force to exist and to be followed by the Blytheville City Police Department, thereby proximately causing the deprivation of Plaintiff's rights under the fourth, fifth, sixth, and eighth amendments to the United States Constitution.

30.    Defendant Driskill committed an assault and battery on Rayshawn Warren which proximately caused injuries and subsequent damages.

8

## DAMAGES

31.    As a proximate result of the improper and illegal actions of Defendants, and each of them, Plaintiff has sustained the following damages:

a.  Medical expenses in the past and it is certain he will incur additional medical expenses long into the future;

b.  Past pain, suffering and mental anguish and it is reasonably certain he will incur additional pain, suffering and mental anguish into the foreseeable future;

c.  A sum of money as compensation for violation of his constitutional rights, especially those which guarantee that excessive force not be used on citizens and those which forbid state actors, acting under color of state, to commit assaults against citizens and/or use excessive force when effectuating an arrest.

32.    Plaintiff has sustained damages in an amount in excess of the amount required to obtain diversity of citizenship jurisdiction in the United States District Court.

33.    The actions, or failures to act, by all the Defendants were undertaken with malice or with such disregard for the rights of Plaintiff that malice may be inferred. Plaintiff is entitled to an award of punitive damages against each Defendant in an amount to be determined by the trier of fact.

## ENTITLEMENT TO ATTORNEY'S FEES

34.    Plaintiff is entitled to an award of his reasonable attorney's fee for bringing this action for vindication of the violation of his constitutional rights, as allowed by 42 U.S.C. §1983, *et. seq.*

## DEMAND FOR TRIAL BY JURY

35.     Plaintiff demands trial by jury on all issues of fact and law so triable.


## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for judgment

against Defendant Driskill, Defendant Thompson and Defendant City for such sums as will

compensate him for the damages as set forth in Paragraph 31 above;   for judgment against

Defendant Driskill, Defendant Thompson, and Defendant City for punitive damages, for an

award of his reasonable attorney's fees to be assessed against Defendant Driskill,

Defendant  Thompson, and Defendant City;   for his costs herein laid and expended;   and,

for any and all other proper relief, whether legal or equitable, to which he may prove

himself entitled.

Respectfully submitted,
Tawona Warren Anderson,
Guardian of the Person and
Estate of Rayshawn Warren,
Plaintiff

By: _____
James W. Harris   (98025)
Attorney for Plaintiff

By: _____
Zachary W. Morrison   (2017116)
Attorney for Plaintiff

10

**LAW OFFICE OF**
**HARRIS & MORRISON**
**118 West Walnut**
**P.O. Box 185**
**Blytheville, Arkansas   72316-0185**

Phone:   870-762-6900
Fax:       870-762-2623
Email:  jwharris1@prodigy.net

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
CHICKASAWBA DISTRICT
CIVIL DIVISION

**FILED**

NOV 1 - 2018
2:00 p~
LESLIE MASON
CIRCUIT CLERK

PLAINTIFF:
TAWONA WARREN ANDERSON,
GUARDIAN OF THE PERSON AND
ESTATE OF RAYSHAWN WARREN

VS.                    CASE NO. 47BCV-18-352 (RL)

**SUMMONS**

**PROOF OF SERVICE**

DEFENDANTS:
DOYNE DRISKILL, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
A POLICE OFFICER FOR THE CITY
OF BLYTHEVILLE, ARKANSAS;
ROSS A. THOMPSON, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
CHIEF OF POLICE FOR THE CITY OF
BLYTHEVILLE, ARKANSAS;  AND,
THE CITY OF BLYTHEVILLE, ARKANSAS

PLAINTIFFS ATTORNEY:          James W. Harris & Zachary W. Morrison
                              118 West Walnut, P.O. Box 185
                              Blytheville, Arkansas  72316-0185

THE STATE OF ARKANSAS TO DEFENDANTS:

DOYNE DRISKILL, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
A POLICE OFFICER FOR THE CITY
OF BLYTHEVILLE, ARKANSAS

ROSS A. THOMPSON, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
CHIEF OF POLICE FOR THE CITY OF
BLYTHEVILLE, ARKANSAS

JAMES SANDERS, MAYOR
THE CITY OF BLYTHEVILLE, ARKANSAS

# NOTICE

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it), or 60 days if you incarcerated in any jail, penitentiary, or other correctional facility in Arkansas, you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff's attorney, whose name and address

are:   **Law Office of Harris & Morrison, P.O. Box 185, Blytheville, Arkansas  72316-0185**

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:  NONE

WITNESS MY HAND AND SEAL OF THE COURT THIS THE 30th day of October, 2018.

3:30 pm

Leslie M_____ _____ Clerk

By _____

CLERK/D_____ Y-CLERK      O. C.

Address:  Mississippi County Circuit Court
Leslie Mason, Circuit Clerk
P.O. Box 1498
Blytheville, AR  72316

(SEAL)

This summons is for _____James Sanders_____

## PROOF OF SERVICE

☑ I personally delivered the summons and complaint to the individual at _604_____
RiverBend Cove Bly_____ [place] on _10/30/18_____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he / she refused to receive it when I offered it to him / her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place or abode at
_____ [address] with _____ [name], a person at
least 14 years of age who resides there, on _____ [date]; or

☐ I delivered the summons and complaint to _____ [name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____ [name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the
summons and complaint on the defendant by certified mail, return receipt requested, restricted
delivery, as shown by the attached signed returned receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-
class mail to the defendant together with two copies of a notice and acknowledgment and
received the attached notice and acknowledgement form within twenty days after the date of
mailing.

☐ Other [specify]: _____

☐ I was unable to execute service
because: _____

_____

My fee is $ _50.00_.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff of deputy sheriff:**

Date: _10/31/18_

By: _Ivery Lewis_
[Signature of server]

_Ivery Lewis_
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _OcTober 31 2018_

_Tammy Clowes_
Notary Public

My commission expires: _11-29-24_

TAMMY CLOWERS
NOTARY PUBLIC-STATE OF ARKANSAS
MISSISSIPPI COUNTY
My Commission Expires 11-29-2026
Commission # 12357722

Additional information regarding service or attempted service:

_____

_____

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
CHICKASAWBA DISTRICT
CIVIL DIVISION

**FILED**

NOV 1 - 2018
2:00 P
LESLIE MASON
CIRCUIT CLERK

PLAINTIFF:
**TAWONA WARREN ANDERSON,
GUARDIAN OF THE PERSON AND
ESTATE OF RAYSHAWN WARREN**

VS.                              CASE NO. 47BCV-18-352 (RL )

**SUMMONS**

**PROOF OF SERVICE**

DEFENDANTS:
**DOYNE DRISKILL, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
A POLICE OFFICER FOR THE CITY
OF BLYTHEVILLE, ARKANSAS;
ROSS A. THOMPSON, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
CHIEF OF POLICE FOR THE CITY OF
BLYTHEVILLE, ARKANSAS;  AND,
THE CITY OF BLYTHEVILLE, ARKANSAS**

PLAINTIFFS ATTORNEY:          James W. Harris & Zachary W. Morrison
                              118 West Walnut, P.O. Box 185
                              Blytheville, Arkansas  72316-0185

THE STATE OF ARKANSAS TO DEFENDANTS:

**DOYNE DRISKILL, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
A POLICE OFFICER FOR THE CITY
OF BLYTHEVILLE, ARKANSAS**

**ROSS A. THOMPSON, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
CHIEF OF POLICE FOR THE CITY OF
BLYTHEVILLE, ARKANSAS**

**JAMES SANDERS, MAYOR
THE CITY OF BLYTHEVILLE, ARKANSAS**

# NOTICE

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it), or 60 days if you incarcerated in any jail, penitentiary, or other correctional facility in Arkansas, you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff's attorney, whose name and address

are:   **Law Office of Harris & Morrison, P.O. Box 185, Blytheville, Arkansas 72316-0185**

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices: NONE

WITNESS MY HAND AND SEAL OF THE COURT THIS THE 30+h day of October, 2018. 3:30 pm

Address:   Mississippi County Circuit Court
Leslie Mason, Circuit Clerk
P.O. Box 1498
Blytheville, AR 72316

Leslie Mason, Circuit Clerk

By _____ Jackson

CLERK/DEPUTY CLERK   O. C.

(SEAL)

This summons is for _Ross Thompson_

## PROOF OF SERVICE

☑ I personally delivered the summons and complaint to the individual at _201 W_ _Walnut 1014_ [place] on _10/31/18_ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____ _____ after he / she refused to receive it when I offered it to him / her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place or abode at _____ [address] with _____ [name], a person at least 14 years of age who resides there, on _____ [date]; or

☐ I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed returned receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgement form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _50.00_.

**To be completed if service is by a sheriff or deputy sheriff:**


Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

                             By: _____
                             [Signature of server]


                             _____
                             [Printed name, title, and badge number]


**To be completed if service is by a person other than a sheriff of deputy sheriff:**

Date: _10/31/18_

                             By: _Ivery Lewis_
                             [Signature of server]

                             _Ivery Lewis_
                             [Printed name]


Address:        _____


Phone:          _____

Subscribed and sworn to before me this date: _October 31 2018_

                             _Tammy Clowers_
                             Notary Public

                             ```
                             TAMMY CLOWERS
                             NOTARY PUBLIC-STATE OF ARKANSAS
                             MISSISSIPPI COUNTY
                             My Commission Expires 11-29-2026
                             Commission # 12357722
                             ```

My commission expires: _11-29-26_


Additional information regarding service or attempted service:

_____

_____

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
CHICKASAWBA DISTRICT
CIVIL DIVISION

**FILED**
NOV 1 - 2018
2:00
LESLIE MASON
CIRCUIT CLERK

PLAINTIFF:
**TAWONA WARREN ANDERSON,**
**GUARDIAN OF THE PERSON AND**
**ESTATE OF RAYSHAWN WARREN**

VS.                    CASE NO. 47BCV-18-_352_ ( RL)          **SUMMONS**

**PROOF OF SERVICE**

DEFENDANTS:
**DOYNE DRISKILL, INDIVIDUALLY**
**AND IN HIS OFFICIAL CAPACITY AS**
**A POLICE OFFICER FOR THE CITY**
**OF BLYTHEVILLE, ARKANSAS;**
**ROSS A. THOMPSON, INDIVIDUALLY**
**AND IN HIS OFFICIAL CAPACITY AS**
**CHIEF OF POLICE FOR THE CITY OF**
**BLYTHEVILLE, ARKANSAS;  AND,**
**THE CITY OF BLYTHEVILLE, ARKANSAS**

PLAINTIFFS ATTORNEY:          James W. Harris & Zachary W. Morrison
                              118 West Walnut, P.O. Box 185
                              Blytheville, Arkansas  72316-0185

THE STATE OF ARKANSAS TO DEFENDANTS:

**DOYNE DRISKILL, INDIVIDUALLY**
**AND IN HIS OFFICIAL CAPACITY AS**
**A POLICE OFFICER FOR THE CITY**
**OF BLYTHEVILLE, ARKANSAS**

**ROSS A. THOMPSON, INDIVIDUALLY**
**AND IN HIS OFFICIAL CAPACITY AS**
**CHIEF OF POLICE FOR THE CITY OF**
**BLYTHEVILLE, ARKANSAS**

**JAMES SANDERS, MAYOR**
**THE CITY OF BLYTHEVILLE, ARKANSAS**

# NOTICE

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it), or 60 days if you incarcerated in any jail, penitentiary, or other correctional facility in Arkansas, you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff's attorney, whose name and address

are: **Law Office of Harris & Morrison, P.O. Box 185, Blytheville, Arkansas 72316-0185**

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices: NONE

WITNESS MY HAND AND SEAL OF THE COURT THIS THE 30th day of October, 2018.

3:30 P m

Address:  Mississippi County Circuit Court
Leslie Mason, Circuit Clerk
P.O. Box 1498
Blytheville, AR 72316

Leslie Mason, Circuit Clerk

By Alicia Jackson

CLERK/DEPUTY CLERK D.C.

(SEAL)

This summons is for ___Doyne Driskill___

## PROOF OF SERVICE

☑ I personally delivered the summons and complaint to the individual at _201 W._ ___WAlnut St. /Bly___ [place] on _10/30/18_ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____ _____ after he / she refused to receive it when I offered it to him / her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place or abode at _____ [address] with _____ [name], a person at least 14 years of age who resides there, on _____ [date]; or

☐ I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed returned receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgement form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because:_____
_____

My fee is $ _50.00_ .

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____    SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff of deputy sheriff:**

Date: _10/31/18_

By: _Ivery Lewis_
[Signature of server]

_Ivery Lewis_
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _October 31 2018_

_Tammy Clowers_
Notary Public

My commission expires: _11-29-26_

TAMMY CLOWERS
NOTARY PUBLIC-STATE OF ARKANSAS
MISSISSIPPI COUNTY
My Commission Expires 11-29-2026
Commission # 12357722

Additional information regarding service or attempted service:

_____

_____



**FILED**

NOV 2 - 2018

LESLIE MASON
CIRCUIT CLERK

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
CHICKASAWBA DISTRICT
CIVIL DIVISION

TAWONA WARREN ANDERSON,
GUARDIAN OF THE PERSON AND ESTATE
OF RAYSHAWAN WARREN                                    **PLAINTIFF**

VS.                        NO. 47BCV-2018-352 (RL)

DOYNE DRISKILL, INDIVIDUALL AND IN
HIS OFFICIAL CAPACITY AS A POLICE OFFICER
FOR THE CITY OF BLYTHEVILLE, ARKANSAS;
ROSS A. THOMPSON, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS CHIEF OF POLICE FOR
THE CITY OF BLYTHEVILLE, ARKANSAS; AND
THE CITY OF BLYTHEVILLE, ARKANSAS                      **DEFENDANTS**

## MOTION FOR EX PARTE EMERGENCY ORDER TO REQUIRE DEFENDANTS TO PRESERVE AND RETAIN ALL EVIDENCE

COMES NOW, Plaintiff, Tawona Warren Anderson, Guardian of the Person and Estate of Rayshawn Warren ("Plaintiff"), by and through her attorneys, James W. Harris and Zachary W. Morrison, and for her Motion For Emergency Order to Require Defendants to Preserve and Retain All Evidence, states and alleges as follows:

1.      That this Court has jurisdiction over the parties and the subject matter contained herein, and venue is proper in the Chickasawba District of Mississippi County, Arkansas.

2.      That on October 24, 2018 counsel for Plaintiff submitted a written request to the Blytheville Police Department for information, specifically police officer body camera videos from the incident in question, under the Arkansas Freedom of Information Act ("FOIA"), Ark. Code Ann. § 25-19-101, *et. seq.*

1

3.    That Defendant police chief Ross A. Thompson Counsel's denied counsel's FOIA request, citing the "ongoing investigation" exemption under the FOIA.

4.    That on October 30, 2018, Plaintiff filed this cause of action in the Circuit Court of Mississippi County, Arkansas, Chickasawba District.

5.    That on October 31, 2018, the City of Blytheville, Arkansas, by and through Defendant Ross A. Thompson, Chief of Police, issued to the news media a press release, redacted portions of body camera videos worn by police officers to during the incident that formed the basis of this cause of action, and prior Blytheville police incident reports involving Rayshawn Warren, son of the Plaintiff.

6.    That Plaintiff moves this Honorable Court for an Ex Parte Emergency Order requiring the Defendants to preserve and retain any and all evidence which might be material in this matter, including, but not limited to, any and all incident reports, internal investigation materials, memoranda, and video and/or audio recordings from any device used by the Blytheville Police Department in the performance of its internal or external duties.

WHEREFORE, Plaintiff prays that her motion be granted; that Defendants be required to preserve and retain any and all evidence which might be material in this matter, including, but not limited to, any and all incident reports, internal investigation materials, memoranda, and video and/or audio recordings from any device used by the Blytheville Police Department in the performance of its internal or external duties; and for any and all other relief in which this Honorable Court deems just and proper.

Respectfully submitted,

TAWONA WARREN ANDERSON,
GUARDIAN OF THE PERSON AND ESTATE
OF RAYSHAWN WARREN, PLAINTIFF

2

By: _____
James W. Harris (ABA No. 1998025)
Zachary W. Morrison (ABA No. 2017116)
Attorneys for Plaintiff

**LAW OFFICES OF**
**HARRIS & MORRISON**
**118 West Walnut**
**P.O. Box 185**
**Blytheville, Arkansas  72316-0185**

Phone:  870-762-6900
Fax:     870-762-2623
Email:  zwmorrison@gmail.com

## CERTIFICATE OF SERVICE

I, Zachary W. Morrison, attorney of record for Plaintiff in the above-styled and numbered cause of action, do hereby certify that a copy of the foregoing pleading has been served upon the following counsel by United States Mail and Hand Delivery:

**Mr. Chris Brown**
**City Attorney**
**P.O. Box 627**
**Blytheville, AR 72316**

THIS, the 2nd day of November 2018.

_____
Zachary W. Morrison

3



FILED
12:15 pm
NOV - 2 2018

LESLIE MASON
CIRCUIT CLERK

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
CHICKASAWBA DISTRICT
CIVIL DIVISION

TAWONA WARREN ANDERSON,
GUARDIAN OF THE PERSON AND ESTATE
OF RAYSHAWAN WARREN                                    **PLAINTIFF**

VS.                        NO. 47BCV-2018-352 (RL)

DOYNE DRISKILL, INDIVIDUALL AND IN
HIS OFFICIAL CAPACITY AS A POLICE OFFICER
FOR THE CITY OF BLYTHEVILLE, ARKANSAS;
ROSS A. THOMPSON, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS CHIEF OF POLICE FOR
THE CITY OF BLYTHEVILLE, ARKANSAS; AND
THE CITY OF BLYTHEVILLE, ARKANSAS          **DEFENDANTS**

## EX PARTE EMERGENCY ORDER TO REQUIRE
## DEFENDANTS TO PRESERVE AND RETAIN ALL EVIDENCE

On this 2nd day of November, 2018, this cause came before the Court on Plaintiff's Motion for an Ex Parte Emergency Order to Require Defendants to Preserve and Retain All Evidence. Plaintiff, Tawona Warren Anderson, appeared by and through her attorneys, James W. Harris and Zachary W. Morrison. Based upon the pleading and statements of counsel, the Court does find and Order as follows:

1.    That this Court has jurisdiction over the parties and the subject matter contained herein, and venue is proper in the Chickasawba District of Mississippi County, Arkansas.

2.    That on October 30, 2018, Plaintiff filed this cause of action in the Circuit Court of Mississippi County, Arkansas, Chickasawba District.

1

3.     That this Court finds an Emergency exists justifying an Ex Parte Order requiring the Defendants to preserve and retain any and all evidence which might be material in this matter, including, but not limited to, any and all incident reports, internal investigation materials, memoranda, and video and/or audio recordings from any device used by the Blytheville Police Department in the performance of its internal or external duties.

4.     That Defendants are entitled to a hearing on this Order and may request such through the trial court administrator for Circuit Judge Richard Lusby.

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that all Defendants in this cause of action are ordered to preserve and retain any and all evidence which might be material in this matter, including, but not limited to, any and all incident reports, internal investigation materials, memoranda, and video and/or audio recordings from any device used by the Blytheville Police Department in the performance of its internal or external duties.

**IT IS SO ORDERED.**

_____
HON. RALPH WILSON, JR.
CIRCUIT JUDGE, DIVISION 5

_____
DATE

Order Prepared by:

_____
James W. Harris (98025)
Zachary W. Morrison (17116)
Attorneys for Defendant

2

11/26/2018   17:18 MSCO Circuit Clerk Bly                    (FAX)870 762 8148        P.001/008

11/26/18   15:39:26  501.978.F⁻⁹         →        870 762 8148 ╱ ┑ecca Louden        Page 003

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS **FILED**
CHICKASAWBA DISTRICT
CIVIL DIVISION

NOV 2 6 2018
3:45 PM
LESLIE MASON
CIRCUIT CLERK

TAWONA WARREN ANDERSON,
GUARDIAN OF THE PERSON AND
ESTATE OF RAYSHAWN WARREN                                    PLAINTIFF

V.                              CASE NO. 47BCV-18-352

DOYNE DRISKILL, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
A POLICE OFFICER FOR THE CITY
OF BLYTHEVILLE, ARKANSAS;
ROSS A. THOMPSON, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
CHIEF OF POLICE FOR THE CITY OF
BLYTHEVILLE, ARKANSAS; AND
THE CITY OF BLYTHEVILLE, ARKANSAS                           DEFENDANTS

## ANSWER

Come now, Doyne Driskill ("Driskill"), individually and officially, Ross A. Thompson ("Thompson"), individually and officially, and the City of Blytheville, Arkansas (hereinafter referred to as "Defendants"), by their attorney, Jenna Adams, and for their Answer, state:

## JURRISDICTION AND VENUE

1.    Defendants deny the allegations contained in Paragraph one (1) of Plaintiff's Complaint due to their complete denial of any and all wrongdoing alleged.

2.    Defendants acknowledge that Plaintiff claims to have alleged violations under 42 U.S.C. §§ 1983 and 1988, the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and common law of the State of Arkansas. Defendants deny that Plaintiff has a viable cause of action for any alleged claims due to their full and complete denial of any and all wrongdoing alleged.



EXHIBIT
B

3.      Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph three (3) of Plaintiff's Complaint; therefore, it is denied.

4.      Defendants admit that Doyne Driskill is a police officer with the Blytheville Police Department. The remaining allegations state conclusions of law not requiring a response. To the extent a response is required, Defendants state that they deny the remaining allegations of Paragraph four (4) of Plaintiff's Complaint due to their complete denial of any and all wrongdoing alleged.

5.      Defendants admit that Ross Thompson is the Chief of Police for Blytheville. The remaining allegations state conclusions of law not requiring a response. To the extent a response is required, Defendants state that they deny the remaining allegations of Paragraph five (5) of Plaintiff's Complaint due to their complete denial of any and all wrongdoing alleged.

6.      Defendants admit the City of Blytheville is a municipality located in Mississippi County, Arkansas. Defendants state that the remaining allegations of Paragraph six (6) of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants state that they deny the remaining allegations of Paragraph six (6) due to their complete denial of any and all wrongdoing alleged.

7.      Defendants admit the City is a municipal corporation within the State of Arkansas and employs Defendants Driskill and Thompson.

8.      Paragraph eight (8) of Plaintiff's Complaint states a conclusion of law not requiring a response. To the extent a response is required, Defendants deny the allegations of Paragraph eight (8) due to their complete denial of any and all wrongdoing alleged.

2

9.    Defendants deny the allegations contained in Paragraph nine (9) of Plaintiff's Complaint due to their complete denial of any and all wrongdoing alleged. Furthermore, Defendants are removing this case to federal court as jurisdiction and venue is proper there.

## FACTUAL ALLEGATIONS

10.    Defendants deny the basis and characterization of events alleged in Paragraph ten (10) of Plaintiff's Complaint. Defendants specifically deny any and all wrongdoing alleged. Defendants affirmatively state that Plaintiff was at the corner of Main and 7th Street in Blytheville and Officer Driskill stated "come here."

11.    Defendants deny the basis and characterization of events alleged in Paragraph eleven (11) of Plaintiff's Complaint. Defendants deny any and all wrongdoing alleged. Defendants affirmatively state that Officer Driskill stated "come here" a second time.

12.    Defendants deny the basis and characterization of events alleged in Paragraph twelve (12) of Plaintiff's Complaint. Defendants deny any and all wrongdoing alleged. Defendants affirmatively state that Rayshawn Warren responded no, and started running down Main Street.

13.    Defendants deny the basis and characterization of events alleged in Paragraph thirteen (13) of Plaintiff's Complaint. Defendants deny any and all wrongdoing alleged. Defendants affirmatively state that Officer Driskill caught up with Plaintiff Cobb Funeral Home and attempted to use an arm bar restraint., but was unsuccessful.

14.    Defendants deny the basis and characterization of the events alleged in Paragraph fourteen (14) of Plaintiff's Complaint. Defendants deny any and all wrongdoing alleged. Defendants affirmatively state that Plaintiff was subsequently transported to Great River Medical Center.

3

11/26/2018   17:19 MSCO Circuit Clerk Bly                         (FAX)870 762 8148      P.004/008
11/26/18   15:40:19  501.978.P^^9           ->        870 762 8148 / ~becca Louden      Page 006

15. Defendants admit the allegations contained in Paragraph fifteen (15) of Plaintiff's Complaint.

16. Defendants deny the basis and characterization of the events alleged in Paragraph sixteen (16) of Plaintiff's Complaint. Defendants deny any and all wrongdoing alleged.

17. Defendants deny the allegations contained in Paragraph seventeen (17) of Plaintiff's Complaint and further deny any and all wrongdoing alleged.

18. Defendants admit that at least three (3) officer body cameras were in use at the time of the alleged incident, but deny the remaining allegations contained in Paragraph eighteen (18) of Plaintiff's Complaint. Defendants deny any and all wrongdoing alleged.

19. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph nineteen (19) of Plaintiff's Complaint, therefore it is denied. Defendants deny any and all wrongdoing alleged.

20. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph twenty (20) of Plaintiff's Complaint, therefore it is denied. Defendants deny any and all wrongdoing alleged.

21. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph twenty-one (21) of Plaintiff's Complaint, therefore it is denied. Defendants deny any and all wrongdoing alleged.

22. Defendants deny the allegations contained in Paragraph twenty-two (22) of Plaintiff's Complaint due to their complete denial of any and all wrongdoing alleged.

23. Defendants deny the allegations contained in Paragraph twenty-three (23) of Plaintiff's Complaint due to their complete denial of any and all wrongdoing alleged.

4

11/26/2018   17:19 MSCO Circuit Clerk Bly                          (FAX)870 762 8148      P.005/008
11/26/18  15:40:37  501.978.       →        870 762 8148    hecca Louden      Page 007

24.    Defendants deny the allegations contained in Paragraph twenty-four (24) of Plaintiff's Complaint due to their complete denial of any and all wrongdoing alleged.

25.    Defendants deny the allegations contained in Paragraph twenty-five (25) of Plaintiff's Complaint due to their complete denial of any and all wrongdoing alleged.

## CAUSES OF ACTION

26.    Defendants deny the allegations contained in Paragraph twenty-six (26) of Plaintiff's Complaint due to their complete denial of any and all wrongdoing alleged.

27.    Defendants deny the allegations contained in Paragraph twenty-seven (27) of Plaintiff's Complaint, including subparagraphs (a)-(d), due to their complete denial of any and all wrongdoing alleged.

28.    Defendants deny the allegations contained in Paragraph twenty-eight (28) of Plaintiff's Complaint, including subparagraphs (a)-(c), due to their complete denial of any and all wrongdoing alleged.

29.    Defendants deny the allegations contained in Paragraph twenty-nine (29) of Plaintiff's Complaint, including subparagraphs (a)-(c), due to their complete denial of any and all wrongdoing alleged.

30.    Defendants deny the allegations contained in Paragraph thirty (30) of Plaintiff's Complaint due to their complete denial of any and all wrongdoing alleged.

## DAMAGES

31.    Defendants deny the allegations contained in Paragraph thirty-one (31) of Plaintiff's Complaint, including subparagraphs (a)-(c), due to their complete denial of any and all wrongdoing alleged. Defendants deny that Plaintiff is entitled to the requested relief.

11/26/2018   17:19 MSCO Circuit Clerk Bly                          (FAX)870 762 8148        P.006/008

11/26/18   15:48:54  581.978.f⁻⁻9            ->        878 762 8148 ⁄⁻hecca Louden      Page 008

32.    Defendants deny the allegations contained in Paragraph thirty-two (32) of Plaintiff's Complaint due to their complete denial of any and all wrongdoing alleged.

33.    Defendants deny the allegations contained in Paragraph thirty-three (33) of Plaintiff's Complaint due to their complete denial of any and all wrongdoing alleged. Defendants deny that Plaintiff is entitled to the requested relief.

## ENTITLEMENT TO ATTORNEY'S FEES

34.    Defendants deny that Plaintiff is entitled to attorney's fee's due to their complete denial of any and all wrongdoing alleged.

## DEMAND FOR TRIAL BY JURY

35.    Plaintiff's request for a jury trial speaks for itself. Defendants request a jury trial on all remaining issues at that time.

36.    Defendants deny that Plaintiff is entitled to the request for relief in the WHEREFORE clause due to their complete denial of any and all wrongdoing alleged.

37.    Defendants deny each and every allegation not specifically admitted herein.

38.    Defendants reserve the right to plead further upon additional investigation and discovery, to include an amended answer.

## AFFIRMATIVE DEFENSES

1.    The allegations of the Complaint fail to state facts or a claim upon which relief may be granted.

2.    Defendants are entitled to tort, qualified, good faith, statutory, and punitive damages immunity under all applicable doctrines of immunity pursuant to state and federal law, including, but not limited to, Ark. Code Ann. § 21-9-301.

3.    Defendants assert failure of service and insufficiency of service of process.

6

11/26/2018   17:19MSCO Circuit Clerk Bly                (FAX)870 762 8148        P.007/008
11/26/18  15:41:11  501.978.P~~9          ->      870 762 8148/~~ecca Louden      Page 009

4.      Defendants assert that Plaintiff's rights were not violated.

5.      Defendants assert that Plaintiff's alleged injuries did not occur as a result of any custom, policy or practice of the City of Blytheville.

6.      There has been no failure to train or supervise by any Defendant.

7.      Defendants assert any and all affirmative defenses found applicable pursuant to Fed. R. Civ. P. 8(c), including, but not limited to, justification and privilege.

8.      As deemed applicable, Defendants assert the affirmative defenses of *res judicata*, collateral estoppel, statute of limitations, *Rooker-Feldman*, and *Heck v. Humphrey.*

9.      Defendants assert that to the extent Plaintiff sustained any damages, the damages were a direct and proximate result of Plaintiff's own conduct.

10.     Punitive damages are not recoverable against a municipality as a matter of law.

11.     Defendant City of Blytheville expressly denies that it can be held liable to Plaintiff under the theory of *respondeat superior.*

12.     Plaintiff has failed to mitigate his damages.

13.     Defendants specifically reserve the right to amend or supplement this pleading or plead further as defenses become apparent or available during the course of litigation.

WHEREFORE, Defendants respectfully requests that this Court dismiss Plaintiff's Complaint against them and for all other just and proper relief to which they are entitled.

7

11/26/2018   17:20 MSCO Circuit Clerk Bly                                    (FAX)870 762 8148        P.008/008
11/26/18   15:41:25  501.978.P~~9         ->        878 762 8148 /~~hecca Louden      Page 818

Respectfully submitted,

**DOYNE DRISKILL, individually and officially, ROSS A. THOMPSON, individually and officially, and CITY OF BLYTHEVILLE, ARKANSAS**

DEFENDANTS

By: _____
Jenna Adams, Ark. Bar No. 2015082
*Attorney for Defendants*
P.O. Box 38
North Little Rock, AR 72115
Telephone (501) 978-6115
Facsimile (501) 978-6558
Email: jenadams@arml.org

## CERTIFICATE OF SERVICE

I, Jenna Adams, hereby certify that on November 26, 2018, that a true and correct copy of the above and foregoing has been served upon the attorney of record referenced below via U.S. Mail:

James W. Harris
Zachary W. Morrison
Law Office of Harris & Morrison
118 West Walnut
P.O. Box 185
Blytheville, Arkansas 72316

_____
Jenna Adams, Ark. Bar No. 2015082

8